UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK DUFFER, an individual on behalf of himself and all others similarly situated,<br><br>     Plaintiff,<br>v.<br><br>UNITED CONTINENTAL HOLDINGS, INC., a Delaware Corporation; UNITED AIRLINES, INC., a Delaware Corporation; CONTINENTAL AIRLINES, INC., a Delware Coproration; AIR LINE PILOTS ASSOCIATION, INT'L, an unknown business entity; THE CONTINTENTAL AIRLINES CHAPTER OF THE AIR LINE PILOTS ASSOCIATION, INT'L, an unknown business entity, inclusive,<br><br>     Defendants. | Case No. 3:13-cv-0318-GPC-WVG<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO TRANSFER VENUE, (ECF NO. 25);**<br><br>**(2) DENYING AS MOOT MOTION FOR RELIEF FROM CIVIL LOCAL RULE 83.3(c)(5), (ECF NO. 35).** |

## **INTRODUCTION**

On February 8, 2013, Mark Duffer ("Plaintiff") filed a class-action complaint on behalf of himself and other Continental Airlines pilots who are serving or have served in the United States Armed Services or National Guard. (ECF No. 1.) Plaintiff asserts three causes of action for (1) violations of the Uniformed Services Employment and Reemployment Rights Act ("USERRA"); (2) violations of California's Military and

Veterans Code ("MVC"); and (3) negligence. (*Id.*)

Before the Court is a motion to transfer venue filed by defendants United Continental Holdings, Inc. ("UCH"); United Airlines, Inc. ("United"); and Continental Airlines, Inc. ("Continental") (all three together, "Airline Defendants"). (ECF No. 25.) Plaintiff has opposed the Motion to Transfer Venue, (ECF No. 32), and the Airline Defendants have filed a reply, (ECF No. 38). Defendants Air Line Pilots Association, Int'l ("ALPA") and The Contintental Chapter of Air Line Pilots Association, Int'l ("CAL-ALPA") (both together, "Union Defendants") have not filed a response to the Motion to Transfer Venue.

Also before the Court is a motion for relief from Civil Local Rule 83.3(c)(5) filed by ALPA, in which ALPA's would-be local counsel seeks relief from this Court's rule requiring local counsel associated with pro hac vice applicants to be physically located in or near this judicial district. (ECF No. 35.) The Airline Defendants filed a notice of non-opposition to the Rule 83.3 Motion. (ECF No. 39.) Plaintiff has not filed a response to the Rule 83.3 Motion.

After a careful consideration of the parties' submissions, and for the reasons that follow, the Court hereby **GRANTS** the Airline Defendants' Motion to Transfer Venue and **DENIES AS MOOT** ALPA's Rule 83.3 Motion.

## BACKGROUND

Plaintiff, an airline pilot and member of the U.S. Marine Corps Reserve, claims Defendants have unlawfully withheld payment to Plaintiff and the putative class based on their military service.

UCH was formed in connection with the merger of United and Continental. Thereafter, UCH negotiated a so-called "United Pilot Agreement" ("UPA") with ALPA. The UPA includes Letter of Agreement 24 ("LOA 24"), which provides ALPA with $400 million to be distributed to United and Continental pilots. Following execution of the UPA, an arbitrator decided $225 million of the $400 million should go to United pilots and that $175 million should go to Continental pilots. CAL-ALPA

then formulated a method for distributing the $175 million to Continental pilots.

CAL-ALPA's distribution formula is based on an "earnings portion" and an "availability portion." Under the "availability portion," the more available a pilot was during each month of a specific period, the greater the portion of the $175 million the pilot would receive. Plaintiff claims that pilots who were absent due to military service during that specific period were considered unavailable during their absence and will therefore receive a smaller portion of the $175 million. Plaintiff alleges that other types of leave, such as jury duty leave and sick leave, were not counted as periods of unavailability. Plaintiff therefore claims that ALPA's distribution formula violates both the USERRA and the MVA.

## **DISCUSSION**

The Court will first address the Airline Defendants' Motion to Transfer Venue, after which the Court will discuss ALPA's Rule 83.3 Motion.

### I. Motion to Transfer Venue

#### A. Legal Standard

The Airline Defendants' move to transfer venue pursuant to 28 U.S.C. § 1404(a). Plaintiff, however, asserts that USERRA's specific venue provision governs in this instance, arguing "the Court must give deference to Plaintiff's chosen forum and need not consider the factors relevant to a Section 1404(a) transfer analysis."

USERRA does include a venue provision that states in relevant part: "In the case of an action against a private employer, the action may proceed in the United States district court for any district in which the private employer of the person maintains a place of business." 38 U.S.C. § 4323(c)(2).

Few district courts have considered USERRA's venue provision. In *Johnson v. Dynamics Info. Tech., Inc.*, the court first recognized that, when suing a corporation, "venue is ordinarily proper wherever the corporation has sufficient contacts to support personal jurisdiction, 'except as otherwise provided by law.'" 675 F. Supp. 2d 236, 240-41 (D.N.H. 2009) (*citing* 28 U.S.C. § 1391). The court then read the USERRA

venue provision as "*limiting* venue to 'any district in which the private employer . . . maintains a place of business.'" *Id.* (emphasis added). That is, the Court concluded that USERRA's venue provision is more restrictive than the general venue statute found at 28 U.S.C. § 1391. Recognizing that specific terms of a statute prevail over general terms in the same or another statute, the court concluded USERRA's "exclusive venue provision" governed the plaintiff's USERRA claim. *Johnson* 675 F. Supp. 2d at 240-41.[1] Finding the employer-defendant did not maintain a "place of business" in the District of New Hampshire, the *Johnson* court concluded venue was not proper for the plaintiff's USERRA claim. *Id.* at 241-42.

The *Johnson* court went on, however, to conclude venue *was* proper under the general venue statute for the plaintiff's breach-of-contract claim. *Id.* at 242. Thus, the court discussed the possibility of it being a "pendent venue" for the plaintiff's USERRA claim.[2] *Id.* Finding the plaintiff's USERRA claim was his "primary" claim, however, the court concluded the plaintiff had not "met his burden of showing that [the] court would be a proper 'pendent venue' for his USERRA claim." *Id.*

The *Johnson* court thus decided whether to dismiss the case or transfer it to a proper venue. *Id.* at 242-43. In deciding to transfer the case, the court was required to choose between two technically proper venues. *Id.* at 243. Asking the question of "which forum would be better positioned to further the interest of justice," the court considered the following factors: (1) convenience of the parties, (2) convenience of witnesses, (3) availability of documents, (4) possibility of consolidation, and (5) judicial economy. *Id.* In other words, the court considered the factors most typically considered in deciding a motion to transfer venue pursuant to 28 U.S.C. § 1404(a).

---

[1] *See also House v. Metal Transp. Sys.*, 2010 U.S. Dist. Lexis 24615, at *14 ("the exclusive venue provision of 38 U.S.C. § 4323(c)(2) trumps the general venue statute and governs [the plaintiff]'s USERRA claim").

[2] "The pendent-venue doctrine gives a court discretion to find venue proper where a pendent claim arises from the same nucleus of operative facts as a claim with proper federal venue." *Gamboa v. USA Cycling, Inc.*, 2013 WL 1700951, at *4 (C.D. Cal. Apr. 18, 2013); *Sierra Club v. Johnson*, 623 F. Supp. 2d 31, 37 (D.D.C. 2009).

*See, e.g.*, *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (listing private and public factors considered when deciding motion to transfer venue pursuant to 28 U.S.C. § 1404(a)).

Having considered the foregoing cases and statutes, the Court finds the reasoning set forth in the *Johnson* and *House* cases persuasive as to the USERRA venue provision being the appropriate standard for determining the venue in which a USERRA claim *may* be brought. That said, the Court finds no authority for Plaintiff's proposition that 28 U.S.C. § 1404(a) is inapplicable when deciding whether one venue is more convenient than another, where both venues are appropriate under the USERRA venue provision. Thus, because neither party disputes that both this district and the Northern District of Illinois are appropriate venues, the Court will determine whether the Northern District of Illinois is a more convenient forum for this action according to the factors typically considered under 28 U.S.C. § 1404(a).

The § 1404(a) factors are typically divided into public and private considerations. *Decker Coal Co.*, 805 F.2d at 843. The private factors include the convenience of the parties and witnesses; the location of relevant evidence; the availability of compulsory process; and any other practical issues related to ease, expediency, and cost. *Id.* (*citing Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)). The public factors include relative docket congestion, any local interest in having the controversy decided at home, and avoiding unnecessary problems with conflicts of laws or the application of unfamiliar law. *Decker Coal Co.*, 805 F.2d at 843 (*citing Piper Aircraft Co. v. Reyno*, 454 U.S. 241, 241 n.6 (1981)).[3]

The defendant bears the burden of demonstrating that transfer is appropriate. *See CFTC v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979). Indeed, the defendant ordinarily "must make a strong showing of inconvenience to warrant upsetting the plaintiff's

---

[3] *See also Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000) (compiling list of factors courts may consider).

choice of forum." *Decker Coal Co.*, 805 F.2d at 843.[4] In class actions, however, the plaintiff's choice of venue is often given less weight. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). Accordingly, because Plaintiff has filed a class-action suit, his choice of forum will be given only minimal consideration.

**B.    Analysis**

The Airline Defendants assert this case should be transferred to the Northern District of Illinois because: (1) the Airline Defendants are headquartered in the Northern District of Illinois, (2) all of the Airline Defendants' records regarding the negotiations that led to the UPA are maintained in the Northern District of Illinois, (3) all potentially relevant Airline Defendant witnesses reside and/or work in the Northern District of Illinois, (4) at least half of the potentially relevant ALPA witnesses who participated in negotiations regarding the UPA reside and/or work in the Northern District of Illinois, and (5) the Northern District of Illinois is the district in which the Airline Defendants and ALPA conducted many of their negotiations and other discussions regarding both the UPA and the lump-sum payouts at issue in this litigation. Defendants offer the declaration of Jackson Martin, (ECF No. 25-2), which incorporates by reference Martin's declaration at ECF No. 12-1.

Plaintiff argues the Airline Defendants have ignored these "critical facts": (1) Plaintiff is a resident of this district, (2) the Airline Defendants do business in this district, (3) the Airline Defendants employ Plaintiff in California, (4) Plaintiff is based in California, (5) ALPA has not objected to venue in this district, and (6) ALPA is not headquartered in the Northern District of Illinois.[5]

---

[4] *See also Acceleron, LLC v. Egenera, Inc.*, 634 F. Supp. 2d 758, 765 (E.D. Tex. 2009) ("[T]he plaintiff's choice of venue contributes to the defendant's burden in proving that the transferee venue is 'clearly more convenient' than the transferor venue.").

[5] Apparently without realizing that Los Angeles is in the Central District of California–and not this district–Plaintiff further asserts the following facts compel denial of the motion to transfer venue: (1) the Airline Defendants maintain a large hub and pilot base at Los Angeles International Airport ("LAX"), (2) Plaintiff was based at LAX when he filed this suit, (3) Plaintiff's direct supervisor is located at LAX, (4) Plaintiff was a member of his union's local executive counsel, which represents pilots who are based at LAX, and (5) Plaintiff expects to be transferred back to LAX in June 2013.

Plaintiff further asserts the Airline Defendants have failed to meet their burden of demonstrating the Northern District of Illinois would be more convenient because the Airline Defendants failed to (1) identify a single witness they intend to call at trial, (2) identify any non-party witnesses who would be unwilling to appear in this district, (3) offer specific and supported reasons why any witness would be inconvenienced, (4) consider the fact that documentary evidence can be shared electronically, and (5) offer evidence that litigating in this district would be financially unfeasible.[6]

In reply, the Airline Defendants assert "Plaintiff's response demonstrates that his only basis for suing in this District is that it is the district where he resides and is based (or expects again to be based beginning in June)." The Airline Defendants assert Plaintiff "concedes that not a single relevant document or, more important, a single material witness related to his claims can be found in this District and that none of the allegations in the Complaint arose here."

The Airline Defendants further assert it is unnecessary to provide a list of witnesses and what they would testify about in this case because, "based on the narrow scope of claims at issue, it is easy to determine the location of persons involved with the claims at issue, namely those involved in the negotiation of LOA 24 and the formulation of ALPA's implementing allocation methodology." The Airline Defendants also assert "it is self-evident that any inconvenience for witnesses associated with travel to a distant forum is, in part, time that they must take away from work, regardless of where it occurs." The Airline Defendants also assert that, "where material fact witnesses reside primarily outside of the district in which the complaint is filed, it is presumed that those witnesses are not subject to the compulsory process of that court." The Airline Defendants further assert the Northern District of Illinois has a stronger interest in having this controversy resolved there because the Airline Defendants are headquartered there, the majority of witnesses with material

---

[6] In so arguing, Plaintiff objects to Martin's declaration as lacking foundation. Given the thorough foundation laid in Martin's declaration at ECF No. 12-1, however, the Court overrules Plaintiff's objection and will thus consider Martin's declaration.

information are there, many of the negotiations regarding LOA 24 occurred there, and discussions over the size of the lump-sum payout ($400 million) occurred there. The Airline Defendants finally assert that, while this Court may be more familiar with Plaintiff's state law claims, Plaintiff's primary claim presents a federal question.

Here, the Court concludes this case should be transferred to the Northern District of Illinois. While the Airline Defendants did not provide a specific list of witnesses they intend to call at trial, the Court finds many of the witnesses whose testimony would be relevant to this case are located in the Northern District of Illinois, which is beyond this Court's subpoena power. Conversely, the Court finds none of the witnesses whose testimony would be relevant are located in this district. Indeed, it is unclear whether Plaintiff himself is even located in this district. While Plaintiff states he "resides" in this district, it appears he works and is based out of Los Angeles, which is in the Central District of California. Similarly, the Court finds that much of the documentary evidence in this case is located in the Northern District of Illinois, while none of the documentary evidence is located in this district. While technology aids in the sharing of documentary evidence, this factor nonetheless tips in favor of transfer.

The public factors similarly tip in favor of transfer. Relative congestion of dockets is a neutral factor because, as the Airline Defendants' evidence demonstrates, the time it takes to try a case in this district is comparable to the time it takes in the Northern District of Illinois. The Court also agrees that the Northern District of Illinois has a stronger interest in trying this case locally than does this district, as the Airline Defendants are headquartered there. Further, none of the actions giving rise to Plaintiff's claims occurred in this district, while many occurred in the Northern District of Illinois. Lastly, while this Court may be more familiar with application of California law, the Court agrees that Plaintiff's primary claim is his USERRA claim, which presents a federal question, and which the Northern District of Illinois is well-equipped to handle.

In sum, based on a consideration of the above factors, the Court concludes the

interests of justice warrant transfer of this case to the Northern District of Illinois.

**II.    Rule 83.3 Motion**

Because this case will be transferred to the Northern District of Illinois, ALPA's Rule 83.3 Motion is moot.

## **CONCLUSION**

After a careful review of the parties' submissions, and for the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. The Airline Defendants' Motion to Transfer Venue, (ECF No. 25), is **GRANTED**;
2. The Clerk of Court is directed to transfer this case to the Northern District of Illinois;
3. The hearing on the Airline Defendants' Motion to Transfer Venue, currently set for May 17, 2013, is **VACATED**; and
4. ALPA's Rule 83.3 Motion, (ECF No. 35), is **DENIED AS MOOT**.

DATED: May 16, 2013

HON. GONZALO P. CURIEL
United States District Judge